# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| ADVANCED AERODYNAMICS, LLC,<br>    Plaintiff,<br><br>v.<br><br>WALMART, INC.,<br>    Defendant. | CIVIL ACTION NO. 6:22-cv-00230<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiff ADVANCED AERODYNAMICS, LLC (hereinafter, "Plaintiff" or "Advanced Aerodynamics") files this Original Complaint for Patent Infringement against Defendant Walmart, Inc. f/k/a Wal-Mart Stores, Inc. and/or Walmart Stores (hereinafter, "Walmart" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action arising from Defendant's infringement of one or more claims of the following patents (collectively, the "Patents-in-Suit"), which were duly and legally issued by the United States Patent and Trademark Office (hereinafter, the "USPTO"), copies of which are attached hereto as **Exhibit A, Exhibit B, Exhibit C, Exhibit D**, and **Exhibit E**, respectively:

| | Patent No. | Title |
|---|---|---|
| A. | 8,528,854<br>(the "'8,854 Patent") | SELF-RIGHTING FRAME AND AERONAUTICAL VEHICLE |
| B. | 9,067,667<br>(the "'667 Patent") | SELF-RIGHTING FRAME AND AERONAUTICAL VEHICLE |
| C. | 9,216,808<br>(the "'808 Patent") | SELF-RIGHTING FRAME AND AERONAUTICAL VEHICLE |
| D. | 9,434,462<br>(the "'462 Patent") | SELF-RIGHTING FRAME AND AERONAUTICAL VEHICLE |
| E. | 10,569,854<br>(the "'9,854 Patent") | SELF-RIGHTING AERONAUTICAL VEHICLE AND METHOD OF USE |

2.  Plaintiff seeks injunctive relief and monetary damages.

**PARTIES**

3.  Advanced Aerodynamics is a limited liability company organized and existing under the laws of the State of Florida.

4.  Advanced Aerodynamics maintains its principal place of business at 300 NE 12th Avenue, #601, Hallandale Beach, Florida (Broward County), 33009.

5.  Plaintiff is the owner of the Patents-in-Suit and possesses all right, title and interest in the Patents-in-Suit, including the right to enforce the Patents-in-Suit, the right to license the Patents-in-Suit, and the right to sue Defendant for infringement and recover past damages.

6.  Based upon information and belief after reviewing public information, Walmart is a corporation existing under the laws of the State of Delaware with its principal place of business at 702 S.W. 8th Street, Bentonville, Arkansas 72716 and can be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

7.  Based upon information and belief after reviewing public information, Walmart operates over 5,000 retail stores and clubs in the United States.[1]

8.  Based upon information and belief after reviewing public information, Walmart has approximately 517 retail stores in Texas, including at least the following locations in this District:[2]

- 4320 Franklin Avenue, Waco, TX 76710 (McLennan County)
- 600 Hewitt Dr., Waco, TX 76712 (McLennan County)
- 2020 Heights Dr., Harker Heights, TX 76548 (Bell County)
- 960 East Fm 2410, Harker Heights, TX 76548 (Bell County)

---

[1] *See* https://corporate.walmart.com/about/united-states (visited February 27, 2022).

[2] *See* https://www.walmart.com/store/directory/tx (visited February 27, 2022).

- 3401 S 31st St., Temple, TX 76502 (Bell County)

- 6801 W Adams Avenue, Temple, TX 76502 (Bell County)

- 5017 W. East Hwy 290, Austin, TX 78735 (Travis County)

9. Walmart also maintains other offices and operations in this District, including a technology office in Austin, Texas, and multiple distribution centers including those in Temple, Texas, and New Braunfels, Texas.

10. Upon information and belief, Defendant ships, distributes, makes, uses, offers for sale, sells, imports into the United States, and/or advertises, and has done the same since 2017 upon information and belief, at least certain Spin Master-branded aeronautical vehicles that have self-righting frames including, but not limited to:

(a) Spin Master AirHogs Atmosphere Axis ("Atmosphere Axis")

(b) Spin Master AirHogs 2-in-1 Drone Power Racers for Driving and Flying - Muscle Car ("Power Racer")

(c) Spin Master AirHogs Hyper Stunt ("Hyper Stunt")

(d) Spin Master AirHogs Supernova ("Supernova")

(e) Spin Master AirHogs Hyper Drift ("Hyper Drift")

(f) Spin Master AirHogs Roller Copter ("Roller Copter")

(g) Spin Master Star Wars (X-Wing v. Deathstar) ("Deathstar")

(hereinafter, the "Accused Products"). Walmart has effectuated these infringing acts through at least sales at its retail stores and its online marketplace at www.walmart.com.

**JURISDICTION AND VENUE**

11. Advanced Aerodynamics repeats and re-alleges the allegations in Paragraphs 1-10 as though fully set forth in their entirety.

12. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

13. The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Texas and in the Western District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Western District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas, and within the Western District of Texas, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Texas and in the Western District of Texas.

14. More specifically, Defendant, directly and/or through intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products in the United States, the State of Texas, and the Western District of Texas. Defendant solicits customers in this State and in this District. Defendant has many paying customers who are residents of this State and in this District and who use Defendant's products in this State and in this District.

15. On information and belief, Defendant may engage in importation and/or sales activities that its suppliers may contend only it is responsible for, such as international sales made free on board to Defendant. *See*

> https://assets.ctfassets.net/r3qu44etwf9a/4vj7hB1jQLRmvRsRHSz1et/ec21eceea1a7e442f76943685b913533/2020_Q2_SpinMaster_EarningsConferenceCall.pdf.

16. Defendant is subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute. This is due, *inter alia*, to its substantial business in this forum, including: (i) a portion of the infringements alleged herein; and (ii) regularly doing

or soliciting business, engaging in other persistent courses of conduct in Texas, and/or deriving substantial revenue from goods and services provided to individuals in Texas, including this district.

17. Venue is proper against Defendant in this District pursuant to 28 U.S.C. § 1400(b) because it has maintained established and regular places of business in this District and has committed acts of patent infringement in the District. *See In re: Cray Inc.,* 871 F.3d 1355,1362-1363 (Fed. Cir. 2017).

18. Specifically, Defendant intends to do and does business in, has committed acts of infringement in, and continues to commit acts of infringement in the Western District of Texas directly, and offers its services, including those accused of infringement here, to customers and potential customers located in Texas, including in this District.

19. Defendant commits acts of infringement from this District, including, but not limited to, selling and offering for sale the Accused Products.

## THE ASSERTED PATENTS

20. The Patents-in-Suit were duly and legally issued by the United States Patent and Trademark Office on September 10, 2013 (the '8,854 Patent), June 30, 2015 (the '667 Patent), December 22, 2015 (the '808 Patent), September 6, 2016 (the '462 Patent), and February 25, 2020 (the '9,854) after full and fair examinations. *See* Exs. A-E, respectively.

21. Plaintiff has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit.

22. Each of Advanced Aerodynamics' licensees is contractually obligated to comply with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit.

**DEFENDANT WALMART'S ACTIVITIES**

23. Defendant uses, sells, advertises, offers for sale, ships, imports, or otherwise distributes aeronautical vehicles with self-righting frames, including the Accused Product, to its customers, either directly or through third-party vendors.

24. Defendant was made further aware and put on notice of its infringement of the Patents-in-Suit by way of a third-party subpoena served upon it on October 22, 2021, in a related matter: *Advanced Aerodynamics, LLC v. Spin Master, Ltd.*, Case No. 6:21-cv-00002-ADA (W.D. Tex.).

25. According to public information, Defendant owns, operates, advertises, and/or controls at least the website https://www.walmart.com/ through which Defendant advertises, sells, offers to sell, promotes, provides and/or educates customers about its products, including the Accused Products.

26. Defendant sells or offers for sale the Accused Products in the United States through its retail and electronic commerce channels in the State of Texas and in this District.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,528,854**

27. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as set forth fully herein.

28. Defendant has infringed and continues to infringe one or more claims of the '8,854 Patent, either literally or under the doctrine of equivalents, through the sale of at least the following products: (1) Atmosphere Axis (the "'8,854 Accused Products"). Based upon public information, Defendant has infringed and continues to infringe one or more claims of the '8,854 Patent, including Claim 1, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises the '8,854 Accused Products.

29. For example, the '8,854 Accused Products include a self-righting frame assembly for an aeronautical vehicle, said frame assembly comprising: at least two vertically oriented frames, said frames having an uninterrupted, continuous peripheral edge between a top portion and a base portion, said frames defining a central void and said frames having a central vertical axis, the at least two vertically oriented frames being arranged in a fixed spatial relationship; a weighted mass within said frame assembly and positioned proximate to a bottom of said frame assembly and along said central vertical axis for the purpose of positioning a center of gravity of said frame assembly proximate to a bottom of said frame assembly; an apex formed at a top of said vertical axis at an upper portion of said vertical frames for providing an initial instability to begin a self-righting process when said frame assembly is inverted; wherein the self-righting frame produces a self-righting moment to return to an upright equilibrium position: when said frame assembly is inverted and resting on a horizontal surface, said frame assembly contacts the horizontal surface at said apex and at a point on at least one of said vertical frames and further wherein said apex extends from said top of said vertical axis and above said vertical frames a distance such that said central axis is sufficiently angulated from vertical to horizontally displace said center of gravity beyond said point of contact of said at least one vertical frame thereby producing a righting moment to return said frame assembly to an upright equilibrium position, and when said frame assembly is positioned having the central vertical axis in a non-vertical orientation position and resting on a horizontal surface, only two points of said frame assembly said contact said surface and said center of gravity, in conjunction with said two points of contact produce a righting moment to return said frame assembly to an upright equilibrium position.

30. Despite knowledge of the '8,854 Patent as early as October 22, 2021, Defendant continues to encourage, instruct, enable, and otherwise cause third parties including, but not

limited to, its subsidiaries and customers, to offer for sale, sell, import into the United States, and/or use the '8,854 Accused Products in a manner which infringes the '8,854 Patent.

31. Defendant has also intentionally induced and continues to induce infringement of one or more claims of the '8,854 Patent in this district and elsewhere in the United States by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise cause third parties including, but not limited to, its subsidiaries, customers resellers, third-party storefronts, and others to offer for sale, sell, import into the United States, and/or offer for sale, sell, import into the United States, and/or use the '8,854 Accused Products in an infringing manner.  To the extent that Defendant is not the only direct infringer of the '8,854 Patent, it instructs its subsidiaries and customers on how to infringe the '8,854 Patent through its support and sales to them.

32. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

33. Plaintiff is entitled to recover from Defendant its damages (including its lost profit damages and other damages) sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

34. Defendant's infringement of Plaintiff's rights under the '8,854 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 9,067,667

35. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as set forth fully herein.

36. Defendant has infringed and continues to infringe one or more claims of the '667 Patent, either literally or under the doctrine of equivalents, through the sale of at least the following products: (1) Atmosphere Axis; (2) Power Racer; (3) Hyper Drift; (4) Supernova (the "'667 Accused Products"). Based upon public information, Defendant has infringed and continues to infringe one or more claims of the '667 Patent, including Claim 1, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises the '667 Accused Products.

37. For example, the '667 Accused Products are each an aeronautical vehicle that rights itself from an inverted state to an upright state, said aeronautical vehicle comprising: a self-righting frame assembly comprising: a frame structure comprising: at least one generally vertically oriented frame member having an generally uninterrupted, continuous peripheral edge between a top portion and a base portion, and at least one generally horizontally oriented frame, said at least one generally vertically oriented frame member and said at least one generally horizontally oriented frame being mechanically coupled to one another at each intersecting location, and said at least one generally vertically oriented frame member and said at least one generally horizontally oriented frame defining a central void, said at least one generally vertically oriented frame member and said at least one generally horizontally oriented frame being arranged in a fixed spatial relationship; a weighted mass carried by a lower section of said frame assembly for a purpose of positioning a center of gravity of said frame assembly proximate to a bottom of said frame assembly; and an apex defined at a top of said at least one generally vertically oriented frame member for providing an initial instability to begin a self-righting process when said frame assembly is placed in at least one of an off-kilter and an inverted orientation.

38. Despite knowledge of the '667 Patent as early as October 22, 2021, Defendant continues to encourage, instruct, enable, and otherwise cause third parties including, but not

limited to, its subsidiaries and customers, to offer for sale, sell, import into the United States, and/or use the '667 Accused Products in a manner which infringes the '667 Patent.

39. Defendant has also intentionally induced and continues to induce infringement of one or more claims of the '667 Patent in this district and elsewhere in the United States by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise cause third parties including, but not limited to, its subsidiaries, customers, resellers, third-party storefronts, and others to offer for sale, sell, import into the United States, and/or offer for sale, sell, import into the United States, and/or use the '667 Accused Products in an infringing manner. To the extent that Defendant is not the only direct infringer of the '667 Patent, it instructs its subsidiaries and customers on how to infringe the '667 Patent through its support and sales to them.

40. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

41. Plaintiff is entitled to recover from Defendant its damages (including its lost profit damages and other damages) sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

42. Defendant's infringement of Plaintiff's rights under the '667 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 9,216,808

43. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as set forth fully herein.

44. Defendant has infringed and continues to infringe one or more claims of the '808 Patent, either literally or under the doctrine of equivalents, through the sale of at least the following products: (1) Atmosphere Axis; (2) Power Racer; (3) Hyper Drift; (4) Hyper Stunt; (5) Roller Copter; (6) Deathstar; (7) Supernova (the "'808 Accused Products"). Based upon public information, Defendant has infringed and continues to infringe one or more claims of the '808 Patent, including Claim 1, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises the '808 Accused Products.

45. For example, the '808 Accused Products are each a self-righting aeronautical vehicle, comprising: a self-righting frame assembly having a plurality of frame members, the frame members being arranged in a fixed spatial relationship providing a passageway for airflow into and from an interior void, at least a portion of the plurality of frame members form at least one dome shaped section; at least one of an apex and a protrusion located generally centered within the at least one dome shaped section, a propulsion system located within the interior void, wherein, the at least one of the apex and the protrusion providing an initial instability to begin a self-righting process when said frame assembly is placed on a generally horizontal surface oriented having the at least one of the apex and the protrusion contacting the generally horizontal surface.

46. Despite knowledge of '808 Patent as early as October 22, 2021, Defendant continues to encourage, instruct, enable, and otherwise cause third parties including, but not limited to, its subsidiaries and customers, to offer for sale, sell, import into the United States, and/or use the '808 Accused Products in a manner which infringes the '808 Patent.

47. Defendant has also intentionally induced and continues to induce infringement of one or more claims of the '808 Patent in this district and elsewhere in the United States by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and

otherwise cause third parties including, but not limited to, its subsidiaries, customers, resellers, third-party storefronts, and others to offer for sale, sell, import into the United States, and/or offer for sale, sell, import into the United States, and/or use the '808 Accused Products in an infringing manner. To the extent that Defendant is not the only direct infringer of the '808 Patent, it instructs its subsidiaries and customers on how to infringe the '808 Patent through its support and sales to them.

48. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

49. Plaintiff is entitled to recover from Defendant its damages (including its lost profit damages and other damages) sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

50. Defendant's infringement of Plaintiff's rights under the '808 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 9,434,462

51. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as set forth fully herein.

52. Defendant has infringed and continues to infringe one or more claims of the '462 Patent, either literally or under the doctrine of equivalents, through the sale of at least the following products: (1) Atmosphere Axis; (2) Power Racer; (3) Hyper Drift; (4) Hyper Stunt; (5) Roller Copter; (6) Deathstar; (7) Supernova (the "'462 Accused Products"). Based upon public information, Defendant has infringed and continues to infringe one or more claims of the '462

Patent, including Claim 17 of the '462 Patent, either literally or equivalently, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises the '462 Accused Products.

53. For example, the '462 Accused Products are each a self-righting aeronautical vehicle, comprising: a self-righting frame assembly having a plurality of frame members, the frame members being arranged in a fixed spatial relationship providing a passageway for airflow into and from an interior void, at least one of an apex and a protrusion located generally centered within the at least one arched section, a propulsion system located within the interior void, wherein upon completion of a self-righting process of the self-righting frame assembly, the propulsion system is oriented within the self-righting frame assembly to provide a lift force to the self-righting aeronautical vehicle, wherein, the at least one of an apex and a protrusion is adapted to provide an initial instability to begin a self-righting process when said frame assembly lands from a position in air onto a generally horizontal surface oriented having the at least one of an apex and a protrusion contacting the generally horizontal surface, wherein upon completion of a self-righting process of the self-righting frame assembly, the propulsion system is oriented in a substantially vertical orientation.

54. Despite knowledge of '462 Patent as early as October 22, 2021, Defendant continues to encourage, instruct, enable, and otherwise cause third parties including, but not limited to, its subsidiaries and customers, to offer for sale, sell, import into the United States, and/or use the '462 Accused Products in a manner which infringes the '462 Patent.

55. Defendant has also intentionally induced and continues to induce infringement of one or more claims of the '462 Patent in this district and elsewhere in the United States by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and

otherwise cause third parties including, but not limited to, its subsidiaries, customers, resellers, third-party storefronts, and others to offer for sale, sell, import into the United States, and/or offer for sale, sell, import into the United States, and/or use the '462 Accused Products in an infringing manner. To the extent that Defendant is not the only direct infringer of the '462 Patent, it instructs its subsidiaries and customers on how to infringe the '462 Patent through its support and sales to them.

56. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

57. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

58. Defendant's infringement of Plaintiff's rights under the '462 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 10,569,854

59. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as set forth fully herein.

60. Defendant has infringed and continues to infringe one or more claims of the '9,854 Patent, either literally or under the doctrine of equivalents, through the sale of at least the following products: (1) Atmosphere Axis; (2) Power Racer; (3) Hyper Drift; (4) Deathstar; (5) Supernova (the "'9,854 Accused Products"). Based upon public information, Defendant has infringed and continues to infringe one or more claims of the '9,854 Patent, including Claim 1, because it ships,

distributes, makes, uses, imports, offers for sale, sells, and/or advertises the '9,854 Accused Products.

61. For example, the '9,854 Accused Products when used by Defendant perform, and allow users to perform a method of righting a self-righting aeronautical vehicle, comprising the steps of obtaining the self-righting aeronautical vehicle, the self-righting aeronautical vehicle comprising: a structural frame having an upper region and a lower region, a portion of the structural frame having a convex outer circumferential exterior surface that is elliptical in shape, the structural frame defining a central void, and the structural frame comprising a bottom having a shape designed to support the structural frame in an upright orientation, a maneuvering and lift mechanism adapted to generate a lifting force, wherein the maneuvering and lift mechanism is in signal communication with control electronics, wherein the maneuvering and lift mechanism and the control electronics are supported by the structural frame, and a weighted mass positioned at a position closer to the lower region of the structural frame than the upper region of the structural frame, thereby assisting self-righting of the self-righting aeronautical vehicle when the self-righting aeronautical vehicle is angled from a generally upright orientation; powering on the self-righting aeronautical vehicle; causing the self-righting aeronautical vehicle to rise to an airborne position using a lifting force generated by the maneuvering and lift mechanism; descending the self-righting aeronautical vehicle towards a generally horizontal surface, until the self-righting aeronautical vehicle contacts the generally horizontal surface; creating an instability when the self-righting aeronautical vehicle contacts the generally horizontal surface; and the shape of the structural frame and a position of the weighted mass causing the self-righting aeronautical vehicle to right itself when the structural frame contacts the generally horizontal surface at any angle other

than the generally upright angle such that the self-righting aeronautical vehicle returns to the generally upright orientation on the generally horizontal surface.

62. Despite knowledge of '9,854 Patent as early as October 22, 2021, Defendant continues to encourage, instruct, enable, and otherwise cause third parties including, but not limited to, its subsidiaries and customers, to offer for sale, sell, import into the United States, and/or use the '9,854 Accused Products in a manner which infringes the '9,854 Patent.

63. Defendant has also intentionally induced and continues to induce infringement of one or more claims of the '9,854 Patent in this district and elsewhere in the United States by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise cause third parties including, but not limited to, its subsidiaries, customers, resellers, third-party storefronts, and others to offer for sale, sell, import into the United States, and/or use the '9,854 Accused Products in an infringing manner.  To the extent that Defendant is not the only direct infringer of the '9,854 Patent, it instructs its subsidiaries and customers on how to infringe the '9,854 Patent through its support and sales to them.

64. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

65. Plaintiff is entitled to recover from Defendant its damages (including its lost profit damages and other damages) sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

66. Defendant's infringement of Plaintiff's rights under the '9,854 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

67. Plaintiff hereby demands a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

68. Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

    A. An adjudication that one or more claims of the Patents-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by the Defendant or others acting in concert therewith;

    B. An adjudication that Defendant has induced infringement of one or more claims of the Patents-in-Suit;

    C. An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial; for the avoidance of doubt, Plaintiff seeks as its measure of damages its lost profits from Defendant but is entitled to at least a reasonable royalty;

    D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from further acts of infringement with respect to any one or more of the claims

    of the Patents-in-Suit;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

F. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: <u>March 2, 2022</u>                    Respectfully submitted,

By: <u>/s/ Jonathan Hardt</u>
Jonathan L. Hardt (TX 24039906)
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite C
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@RHMtrial.com

C. Matthew Rozier (CO 46854)
(*pro hac vice* forthcoming)
**ROZIER HARDT MCDONOUGH PLLC**
2590 Walnut Street, Suite 10
Denver, Colorado 80205
Telephone: (720) 820-3006
Email: matt@RHMtrial.com

James F. McDonough, III (GA 117088)
Jonathan R. Miller (GA 507179)
Travis E. Lynch (GA 162373)
**ROZIER HARDT MCDONOUGH PLLC**
3621 Vinings Slope, Suite 4300
Atlanta, Georgia 30339
Telephone: (470) 480-9505, -9517, -9514
Email: jim@RHMtrial.com
Email: miller@RHMtrial.com
Email: lynch@RHMtrial.com

***ATTORNEYS FOR PLAINTIFF ADVANCED AERODYNAMICS, LLC***

**List of Exhibits**
A. U.S. Patent No. 8,528,854 (the "'8,854 Patent")
B. U.S. Patent No. 9,067,667 (the "'667 Patent")
C. U.S. Patent No. 9,216,808 (the "'808 Patent")
D. U.S. Patent No. 9,434,462 (the "'462 Patent")
E. U.S. Patent No. 10,569,854 (the "'9,854 Patent")